**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DWAYNE PULLIAM, 99-A-2489,**

                                        **Plaintiff,**                    **05-CV-0142A(Sr)**

**v.**

**C.O. COLEMAN, et al.,**

                                        **Defendants.**

---

## DECISION AND ORDER

         Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging

that while he was incarcerated at Southport Correctional Facility, he was subjected to

excessive force, denied adequate medical care for his knee injury and neurologic illness

and issued false misbehavior reports in retaliation for his complaints.  Dkt. #9.


         Plaintiff has requested appointment of counsel pursuant to 28 U.S.C.

§ 1915(e)(1).  Dkt. #29.  In support of his motion, plaintiff alleges that defendants have

suspended prescription medication causing him neurological difficulties, including an

inability to speak.  Dkt. #29.  Plaintiff also alleges that his current medical condition

prevents him from effectively representing himself.  Dkt. #29.


         This Court is required to see that all litigants receive proper representation

of counsel under the criteria set forth in *Cooper v. A. Sargenti Co.*, 877 F.2d 170 (2d

Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).  In addition, courts

have the inherent authority to assign counsel to represent private indigent litigants.  *See*

*In re Smiley*, 36 N.Y.2d 433, 438 (1975).


      More importantly, each lawyer — especially those who are admitted to

practice in federal court and who therefore are in a position to reap the benefits of such

practice — has an ethical obligation under the Code of Professional Responsibility to

provide *pro bono* services for the poor.  New York Code of Professional Responsibility,

Canon 2, EC 2-16; EC 2-25.  "Every lawyer, regardless of professional prominence or

professional workload, should find time to participate in serving the disadvantaged."  EC

2-25.  In addition, Rule 83.1(g) of the Local Rules of Civil Procedure provides as

follows:

> Every member of the bar of this Court shall be available
> upon the Court's request for appointment to represent or
> assist in the representation of indigent parties.
> Appointments under this rule shall be made in a manner
> such that no attorney shall be requested to accept more
> than one appointment during any twelve month period.


      It is in this spirit that the Court assigns Marc C. Panepinto, Esq. of Cantor

Lukasik Dolce Panepinto, 1600 Main Place Tower, 350 Main Street, Buffalo, NY 14202,

*pro bono*, to faithfully and diligently represent plaintiff in this case.


      The Clerk of the Court is directed to forward to Mr. Panepinto a copy of

this order and the Guidelines Governing Reimbursement from the District Court Fund of

Expenses Incurred by Court Appointed Counsel.[1]  The Chief Judge of the Court will

also issue an Order directing PACER to waive its fees so *pro bono* counsel can access

and print at no cost to him or his firm any other documents filed herein that he may

need.


       Plaintiff's attorney is directed to contact counsel for the defendants,

Michael J. Russo, to obtain copies of documents relevant to plaintiff's case and to

consult with plaintiff prior to the status conference with counsel set for **Monday, May 4,**

**2009 at 10:30 a.m.**


       **SO ORDERED**.


Dated:      Buffalo, New York
              March 10, 2009


                      **S/ H. Kenneth Schroeder, Jr.**
                      **H. KENNETH SCHROEDER, JR.**
                      **United States Magistrate Judge**

---

[1]This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at: http://www.nywd.uscourts.gov/document/fundreimbvoweb.pdf.